UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mark Gardner, Danielle Baker, and all others similarly situated,

Plaintiffs,

v.

First American Title Insurance Company, Universal Title Company, and Universal Partnerships,

Defendants.

Civil File No. 00-2176 (PAM/SRN)

**MEMORANDUM AND ORDER**

---

This matter is before the Court on Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). At the hearing on this matter, the Court indicated that it would grant the Motion for lack of subject matter jurisdiction. Therefore, for the reasons stated at the hearing and the reasons set forth herein, Defendants' Motion is granted.

**BACKGROUND**

Plaintiffs purport to represent a class of recent purchasers of real property. In brief, they allege that Defendant title insurance companies set up sham intermediary limited partnerships, with real estate agents as the limited partners, and that the real estate agents' referral of closing services to these limited partnerships constituted illegal kickbacks to the real estate agents in violation of the Real Estate Settlement Procedures Act ("RESPA"), 12

APR - 3 2001

APR 03 2001

20

U.S.C. § 2601 et seq. Plaintiffs also allege various state-law claims, including violations of the Minnesota Deceptive Trade Practices Act and the Minnesota Consumer Fraud Act, tortious interference with contractual relations, and unjust enrichment.

**DISCUSSION**

For the purposes of Defendants' Motion to Dismiss, the Court takes all facts alleged in Plaintiffs' Complaint as true. Westcott v. Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). The Court must construe the allegations in the Complaint and reasonable inferences arising from the Complaint favorably to Plaintiffs. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). A motion to dismiss will be granted only if "it appears beyond doubt that the Plaintiff can prove no set of facts which would entitle him to relief." Id.; see also Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

**A. Federal Claims**

Plaintiffs' first two causes of action allege violations of RESPA. RESPA prohibits kickbacks in the provision of real estate settlement services involving a "federally related mortgage loan." 12 U.S.C. § 2607(a). Defendants contend that Plaintiffs have failed to allege that the mortgages they received were federally related. Plaintiff responds that Fed. R.Civ. P. 8 requires only a short and plain statement of the claim, and that, read liberally, Plaintiffs' Complaint makes the required jurisdictional averments.

The paragraphs in the Complaint to which Plaintiffs point, however, do not state that the mortgages secured by Plaintiffs are federally related within the meaning of RESPA. 12

U.S.C. § 2602(1) (federally related mortgage loan is loan secured by lien on residential real estate and made by lender that is insured by federal agency, regulated by federal agency, or that invests in residential real estate loans totaling more than $1 million per year). The Complaint does aver that Defendants' business involves federally related mortgage loans (Compl. ¶ 76), but does not aver that Plaintiffs' mortgages were federally related, or even that these mortgages secured residential real estate within the meaning of RESPA. Thus, Plaintiffs have failed to allege that they have standing to bring this action under RESPA, and the Court does not have jurisdiction to entertain their claims. The matter must be dismissed.

**B. State-law claims**

Defendants also contend that Plaintiffs' state-law claims are without merit and should be dismissed. Jurisdiction in this Court is premised on federal question jurisdiction under 28 U.S.C. § 1331. (Comp. ¶ 8.) However, as stated above, the defects in Plaintiffs' Complaint mean that the Court does not have jurisdiction to hear Plaintiffs' federal claims. Thus, the Court does not have pendent jurisdiction over Plaintiffs' state-law claims, and those claims must likewise be dismissed.

**CONCLUSION**

Accordingly, based on the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss (Clerk Doc. No. 12) is **GRANTED**; and

2. Plaintiffs' Complaint is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 4, 2001

Paul A. Magnuson
United States District Court Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

Case No. Civ. 00-2176

**DATE MAILED TO COUNSEL/PRO SE PARTIES: April 3, 2001**

The purpose of this notice is to summarize the time limits for filing with the District court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

> ***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

N:\CIVILNOT.APP