UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Mark Gardner, et al.,

Plaintiffs,

v.

Civil No. 00-2176 (RHK/AJB)

**MEMORANDUM OPINION AND ORDER**

First American Title Insurance Co., et al.,

Defendants.

---

J. Gordon Rudd, Jr., Hart L. Robinovitch and David Cialkowski, Zimmerman Reed P.L.L.P., Minneapolis, Minnesota; Barry G. Reed, Zimmerman Reed P.L.L.P., Scottsdale, Arizona; and Laura Miller, Miller, Olson & Associates, St. Anthony, Minnesota, for Plaintiffs.

Charles A. Newman, Douglas W. King, and Douglas R. Wilner, Bryan, Cave, McPheeters & McRoberts, St. Louis, Missouri; and Janice M. Symchych and Matthew E. Johnson, Halleland Lewis Nilan Sipkins & Johnson, P.A., Minneapolis, Minnesota, for Defendants.

---

## Introduction

This matter comes before the Court on Defendants' Motion to Strike. On January 27, 2003, the Court issued an Order denying Plaintiffs' Motion for Class Certification. Plaintiffs filed a *Renewed* Motion for Class Certification on August 21, 2003. Defendants have now moved to strike on the ground that Plaintiffs' motion is a thinly disguised and procedurally improper motion for reconsideration under Local Rule 7.1(g).



SEP 1 8 2003
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Plaintiffs respond that it is the Court's duty to alter or amend its class decisions under Federal Rule of Civil Procedure 23(c) as the litigation develops, and that they therefore need not comply with the Local Rules regarding motions to reconsider. For the reasons set forth below, the Court will grant Defendants' motion in part.[1]

**Analysis**

The present motion requires the Court to determine whether Plaintiffs' Renewed Motion for Class Certification is fish or fowl: Is the motion to alter or amend within exception to typical motion practice provided by Rule 23? Or is it a procedurally improper motion to reconsider under Local Rule 7.1(g)? After examining the submissions of the parties, the Court concludes it is both.

Plaintiffs advance four bases for their renewed motion: (1) evidence recently obtained in discovery; (2) new case law examining the Minnesota consumer protection statutes in the context of class actions; (3) a decision by the Fifth Circuit with regard to class-wide injunctive relief under Rule 23(b)(2); and (4) recent enforcement actions by HUD. While the first of these bases is evidentiary in nature, the final three relate to nonbinding legal developments. Therefore, the question before the Court is whether Plaintiffs' motion falls within the scope of Rule 23's requirement that courts revisit class certification decisions as the evidence warrants.

---

[1]Plaintiffs have requested leave to file a short sur-reply. The Court, however, does not find anything unexpected or unusual in Defendants' reply brief that requires a response and will therefore deny that request.

Under Rule 23(c)(1), a district court must make a class determination "[a]s soon as practicable after the commencement of an action." Because the Court may be required to decide whether a class action can be maintained before discovery is completed, Rule 23(c)(1) permits the Court to alter or amend that determination "if, upon fuller development of the facts, the original determination appears unsound." Fed. R. Civ. P. 23(c)(1) advisory committee's note. The district court is therefore "charged with the duty of monitoring its class decisions in light of the *evidentiary development* of the case." Richardson v. Byrd, 709 F.2d 1016, 1019 (5th Cir. 1983) (emphasis added). This is an exception to the law of the case doctrine, which holds that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Arizona v. California, 460 U.S. 605, 618 (1983).

Compared with this exception, a motion to reconsider provides a more general mechanism for courts to review their rulings. Although "dimly view[ed]" in this District, Transclean Corp. v. Bridgewood Services, Inc., 134 F. Supp. 2d 1049, 1060 (D. Minn. 2001) (Erickson, Mag. J.), a motion to reconsider "afford[s] an opportunity for relief in extraordinary circumstances." Dale & Selby Superette & Deli v. United States Dept. of Agric., 838 F. Supp. 1346, 1348 (D. Minn. 1993) (Doty, J.). Reconsideration, for instance, "may be justified on the basis of an intervening change in controlling law." Grozdanich v. Leisure Hills Health Center, Inc., 48 F. Supp. 2d 885, 888 (D. Minn. 1999) (Erickson, Mag. J.) (collecting cases). A motion to reconsider, however, "should not serve as a vehicle to identify facts or raise legal arguments which could have been, but

were not, raised or adduced during the pendency of the motion of which reconsideration is sought." In re Potash Antitrust Litigation, Civ. No. 3-93-197, 1994 WL 2255, at *1 (D. Minn., Jan. 4, 1994) (Kyle, J.). It is decidedly *not* an "occasion to tender new legal theories for the first time." Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir. 1988) (quotation omitted).

Here, Plaintiffs advance both factual and legal bases for their renewed motion. The special concerns, however, that motivate Rule 23's exception to the law of the case doctrine apply to facts, but not to law. While *any* motion may be affected by later changes in governing law, it is the potential for subsequent factual development that drives Rule 23's requirement that the district court alter or amend its class determination if "the original determination appears unsound." Fed. R. Civ. P. 23(c)(1) advisory committee's note. Thus, Rule 23(c)(1) provides Plaintiffs with a *limited* opportunity to adduce additional facts: It is not a Trojan Horse by which Plaintiffs may endlessly reargue the legal premises of their motion.

Should Plaintiffs wish to submit new authority to the Court, the proper means to do so is by a request for a motion for reconsideration under Local Rule 7.1(g).[2] Plaintiffs

---

[2]It should be added that the request would almost certainly be denied. The Court denied Plaintiffs' motion for class certification with regard to their state law claims and claim for class-wide injunctive relief under Rule 23(b)(2) because of Plaintiffs' entirely conclusory, blink-and-you-would-miss-it legal analysis. While Plaintiffs seem to imply that the Court should have helped them carry their burden, "[j]udges are not like pigs, hunting for truffles buried in briefs," United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991) (per curium), and "need not excavate masses of papers in search of revealing tidbits—not only because the rules of procedure place the *burden on the litigants*, but also because their time is scarce." Northwestern Nat'l Ins. Co. v. Baltes, 15 F.3d 660, 662-63

may, however, present facts they have developed through additional discovery as the basis for their Renewed Motion for Class Certification.

**Conclusion**

Based on the foregoing, and all of the files, records and proceedings herein, **IT IS ORDERED**:

1. Defendants' Motion to Strike (Doc. No. 60) is **GRANTED IN PART**:

    a. Plaintiffs' Renewed Motion for Class Certification (Doc. No. 64) is **STRICKEN** insofar as it pertains to matters other than facts uncovered through discovery conducted since this Court's Order of January 27, 2003;

    b. Plaintiffs must resubmit their Memorandum in Support of the Renewed Motion for Class Certification (Doc. No. 65) within ten (10) days of the date of this Order with the stricken material deleted;

2. Plaintiffs' Request to File a Sur-Reply is **DENIED.**

Dated: September 18, 2003

RICHARD H. KYLE
United States District Judge

---

(7th Cir. 1994) (Easterbrook, J.) (emphasis added). In short, Plaintiffs' dilatory, eleventh-hour analysis of these claims is too little, far too late. Likewise, HUD's purportedly "more aggressive approach" in prosecuting HUD violations is of little moment here and has no impact on the Court's previous Order. Therefore, there is nothing in these materials to warrant reconsideration.