UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Mark Gardner, et al.,

Plaintiffs,

v.

First American Title Insurance Co., et al.,

Defendants.

Civil No. 00-2176 (RHK/AJB)

**ORDER**

---

For the reasons set forth in footnote two of the Court's September 18, 2003 Memorandum Opinion and Order, Plaintiffs' Request to File a Motion for Reconsideration is **DENIED.**[1]

Dated: September ~~29~~ 30, 2003

RICHARD H. KYLE
United States District Judge

---

[1]Plaintiffs' letter requesting reconsideration is attached to this Order.

FILED SEP 30 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

ZIMMERMAN REED
ATTORNEYS AT LAW

September 29, 2003

BARRY G. REED
Admitted in Arizona & Minnesota
bgr@zimmreed.com

REPLY TO ARIZONA

*Via Federal Express*

The Honorable Richard H. Kyle
U.S. DISTRICT COURT
DISTRICT OF MINNESOTA
316 North Robert Street
St. Paul, MN 55101

*RE:* *Gardner v. First American Title Ins. Co., Inc., et. al.*
No. 00-CV-2176 RHK/AJB

Dear Judge Kyle,

Plaintiffs request reconsideration of the Court's previous Order of January 27, 2003 denying class certification pursuant to Local Rule 7.1(g) and the Court's last Order. While the Court stated that it would review new evidentiary matters affecting class certifcation in its Order of September 18, 2003, this letter requests that the Court also address new legal developments including those affecting certification under Fed.R.Civ.P. 23(b)(2).

Certification under Rule 23(b)(2) is proper because the predominant relief sought in this case is injunctive and declaratory in nature. Defendants have: (1) engaged in a scheme establishing sham businesses to filter business referrals and; (2) maintain a policy of using inadequate disclosures, while refusing to modify those common practices in any way, making classwide injunctive and declaratory relief appropriate. Under the MCFA, the only relief available is injunctive and declaratory relief. Under RESPA any damages are statutory and automatically imposed by mechanical calculation, upon a finding of a §8 violation.

Recently, the Fifth Circuit in In the Matter of Monumental Life Ins. Co., 2003 WL 21921137 at *4-8 (5th Cir. Aug 13, 2003) (Exh. 121) addressed the issue of certification under Rule 23(b)(2) where monetary relief has been requested in addition to injunctive relief, and confirmed that certification under 23(b)(2) is proper when damages requested flow automatically from a finding of liability (as is the case here by operation of statute) and are subject to mechanical calculation using objective data. Monumental Life is significant because the Court recognized that courts were misinterpreting and misapplying its prior decision in Allison v. Citgo Petroleum Co., 151 F.3d 402 (5th Cir. 1998) which addressed Rule 23(b)(2), and therefore clarified that denying certification under 23(b)(2) based simply on a subjective determination of whether the "primary relief" was believed to be monetary instead of injunctive was improper. As the Court clarified:

> Allison did not hold, as the district court believed, that monetary relief predominates where it is the "prime goal" or a mere bootstrap to injunctive relief. Instead, "determining whether one form of relief actually predominates in some quantifiable sense is a wasteful and impossible task that should be avoided." Allison, 151 F.3d at 412 (citing 7A Charles A. Wright et al., Federal Practice and Procedure § 1775, at 470 (2d ed. 1986)). In other words, certification does not hinge on the subjective intentions of the class representatives and their counsel in bringing suit.

* * *

> In Allison, therefore, we held, id. at 415, that monetary relief, to be viable in a rule 23(b)(2) class, must "flow directly from liability to the class *as a whole* on the claims forming the basis of the injunctive or declaratory relief." Monetary relief must be incidental, meaning that it is "capable of computation by means of objective standards and not dependent in any significant way on the intangible, subjective differences of each class member's circumstances." Id.
>
> * * *
>
> Therefore, to deny certification on the basis that the damage claims would be better brought as a rule 23(b)(3) class serves no function other than to elevate form over substance. Indeed, interests of judicial economy are best served by resolving plaintiffs' claims for injunctive and monetary relief together.

Plaintiffs believe that this court has applied the Rule 23(b)(2) standard in the same way that the Fifth Circuit found was improper. Tthe Court should, therefore, reconsider its prior decision. In the case at Bar, the Defendants have refused to conform their actions to the law in a manner applicable to all class members, and all damages are statutory and determined from a review of Defendants' business records (*i.e.* the records showing the payments to the partners). Hence, certification under Rule 23(b)(2) is proper. That the resulting damage amounts would not be identical for all class members does not affect Rule 23(b)(2) certification since the objective information required to perform the mechanical calculations are contained in Defendant's business records and the formula would be the same. Monumental Life at *7 ("...the monetary predominance test does not contain a sweat-of-the-brow exception.").[1] See e.g., Income Distribution Schedules (Exh.133, 134).

Finally, reconsideration should also be granted as to Plaintiffs' UDAP claims as emerging case law since the Group Health decision confirms that claims under the MDTPA and MCFA are properly certified under Rule 23 and do not include any individualized reliance requirement, as Defendants argued. See, In re Lutheran Brotherhood, 2003 WL 21737528 (D. Minn. July 22, 2003)(Exh. 127); In re St. Jude Medical Inc., 2003 WL 1589527 *18 (D.Minn., 2003)(Exh. 141); Schlink v. Edina Realty Title, No. CT 02-018380 (Henn. Cty. Dist. Ct. Sept. 9, 2003)(Exh. ); Edwards/White v. Washington Mutual, Inc., No. 03-1282 (Henn. Cty. Dist. Ct. Sept. 15, 2003)(Exh. ); Menzel v. Beneficial Loan and Thrift et al, No. CT-00-6884 at *19-24 (Henn. Cty. March 27, 2003)(Exh. 126). RESPA cases have also recently been certified in circumstances similar to the case at Bar. See, Jergess v. Transnation Title Insurance Co. and First American Title, No. 00-72124 (E.D.Mich., Nov. 6, 2002)(order certifying RESPA class)(Exh. 126); Clark v. Millennium Title & Escrow, LLC, No. WMN-02-CV-2078 at *4 (D.Md. June 9, 2003) (Exh. 147).

Very truly yours,

Barry G. Reed

BGR:sab

cc: Douglas W. King, Esq.
Janice M. Symchych, Esq.

---

[1] Certain Minnesota courts have properly certified 23(b)(2) classes where monetary relief is requested in addition to injunctive relief. Smith v. United Heathcare Serv., 2002 WL 192565 *5 (D.Minn. 2002)("A request for monetary relief is an insufficient basis for refusing to certify a class action under Rule 23(b)(2)."); DeBoer v. Mellon Mortgage, 64 F.3d 1171, 1174 (8th Cir. 1995); Beckmann v. CBS, 192 F.R.D.608, 614 (D.Minn.2000); Fogie v. Rent A Center, 867 F.Supp. 1398 (D.Minn.1993).