**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Mark Gardner, et al.,

Plaintiffs,

v.

Civil No. 00-2176 (RHK/AJB)
**ORDER**

First American Title Insurance Company, et al.,

Defendants.

---

J. Gordon Rudd, Jr., Hart L. Robinovitch and David Cialkowski, Zimmerman Reed PLLP, Minneapolis, Minnesota; Barry G. Reed, Zimmerman Reed PLLP, Scottsdale, Arizona, for Plaintiffs.

Charles A. Newman, Douglas W. King, and Douglas R. Wilner, Bryan Cave LLP, St. Louis, Missouri; and Janice M. Symchych and Matthew E. Johnson, Halleland Lewis Nilan Sipkins & Johnson, Minneapolis, Minnesota, for Defendants.

---

Before the Court is Plaintiffs' Second Motion for Class Certification.[1] In its September 18, 2003 Order granting Defendants' Motion to Strike in part, the Court

---

[1]On January 27, 2003, the Court issued an Order denying Plaintiffs' Motion for Class Certification. Plaintiffs petitioned the Eighth Circuit for interlocutory review of the Court's decision, which the Eighth Circuit denied. Several months later, Plaintiffs filed a *Renewed* Motion for Class Certification. Defendants promptly filed a Motion to Strike, arguing that Plaintiffs' renewed motion was actually a procedurally improper motion for reconsideration under Local Rule 7.1(g). In an Order dated September 18, 2003, the Court granted that motion in part, allowing Plaintiffs to submit new facts developed through discovery as the basis of a renewed motion, while requiring Plaintiffs to submit additional legal authority as a request for a motion to reconsider. Plaintiffs filed such a request, which the Court denied.



DEC 18 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

permitted Plaintiffs to proceed with a renewed class certification motion, provided that the scope of the argument was limited to facts uncovered through discovery since the Court's prior Order denying class certification. As the Court held, "Rule 23(c)(1) provides Plaintiffs with a *limited* opportunity to adduce additional facts: It is not a Trojan Horse by which Plaintiffs may endlessly reargue the legal premises of their motion." Gardner v. First American Title, Civ. No. 00-2176 (RHK/AJB), slip op. at * 4-5 (D. Minn. Sept. 18, 2003) (Kyle, J.). Plaintiffs have failed to avail themselves of this opportunity.

To put it bluntly, Plaintiffs' current motion is nothing more than an attempt to "put[] new feathers on an old hat." Adams v. School Bd. of Anoka-Hennepin Indep. Sch. Dist. No. 11, 2002 WL 31571207, at *3 (D. Minn. Nov 18, 2002) (Kyle, J.). Rather than hew closely to the newly discovered facts, Plaintiffs have used the *limited* opening provided by Rule 23(c)(1) as an opportunity to regurgitate their initial class certification argument in its entirety. The supposedly "new" facts adduced by Plaintiffs are either duplicative of information already before the Court or entirely irrelevant. Not only have Plaintiffs failed to comply with the September 18, 2003 Order,[2] but Plaintiffs have also singularly failed to shine any new light on the Court's original Order denying class

---

[2] The Court has considered imposing sanctions for the conduct of Plaintiffs' counsel with regard to this motion. After all, what, other than an "improper purpose" such as the desire to "harass" or to cause "needless increase in the cost of litigation," Fed. R. Civ. P. 11(b)(1), could possibly motivate Plaintiffs' counsel to flout this Court's Order of September 18, 2003? While it has decided not to impose sanctions, the Court admonishes counsel that it will not be so lenient in the future.

certification.

Rule 23(c)(1) permits the Court to alter or amend that determination "if, upon fuller development of the facts, the original determination appears unsound." Fed. R. Civ. P. 23(c)(1) advisory committee's note. The district court is therefore "charged with the duty of monitoring its class decisions in light of the *evidentiary development* of the case." Richardson v. Byrd, 709 F.2d 1016, 1019 (5th Cir. 1983) (emphasis added).

Here, fuller development of the facts has yielded nothing that calls into question the Court's original class certification decision. The new evidence merely confirms that the Court would need to engage in a file-by-file review of Defendants' operations, considering each partnership at the time of the relevant transaction. Such an endeavor, involving 37,000 individual transactions, was incompatible with class action status a year ago, and it is incompatible now. Accordingly, having "monitor[ed] its class decisions in light of the evidentiary development of the case," id., the Court concludes that its original class certification decision remains entirely sound. The Court will therefore deny Plaintiffs' second motion for class certification for exactly the same reasons that it denied the first motion.

Accordingly, based on the foregoing, and all of the files, records and proceedings herein, **IT IS ORDERED** that Plaintiffs' Second Motion for Class Certification (Doc. No. 71) is **DENIED**.

Dated: December 18, 2003

RICHARD H. KYLE
United States District Judge